**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Marcus Kyle Channey,<br><br>    Plaintiff<br><br>v.<br><br>Clark County School District,<br><br>    Defendant | 2:16-cv-02085-JAD-GWF<br><br>**Order Dismissing Federal Claim and Remanding State Claims Back to State Court**<br><br>[ECF Nos. 4, 20] |

    This is Marcus Kyle Channey's second lawsuit against the Clark County School District (CCSD) to redress his 2014 termination from his substitute-teaching position at Valley High School. U.S. District Judge James Mahan dismissed Channey's first suit without prejudice on CCSD's motion because the thinly alleged facts failed to state any plausible claim.[1] Channey went back to the drawing board, added a sprinkling of new facts, and filed this new action in the Eighth Judicial District Court, which CCSD promptly removed based on Channey's new claim that CCSD violated his due-process rights by stigmatizing him during his termination without giving him a name-clearing opportunity.[2]

    CCSD moves to dismiss Channey's retread claims, arguing that they are collaterally estopped by Judge Mahan's dismissal and regardless, Channey's beefed up allegations still fail to state a single claim for relief. I start with Channey's sole federal claim and find that it lacks the facts necessary to state a plausible due-process-stigma claim. And because I am dismissing the only claim that anchors this case in federal court, instead of then reaching CCSD's arguments on Channey's remaining state-law claims, I remand this case back to state court under 28 U.S.C. §§ 1367(c)(3).

---

[1] 2:15-cv-07108-JCM-PAL at ECF No. 35 (a copy of which was filed in the instant case at ECF No. 4-1).

[2] ECF No. 1 at 2 (petition for removal); 14–15 (complaint; fifth claim for relief).

**Background**

Channey claims that CCSD hired him as a "vacancy" substitute teacher at Valley High School in the Fall of 2014, a classification that denotes that the employee's "assignment is for a position in which 'there is not an assigned contracted teacher to the position' and the assignment could last 'as long as the entire school year.'"[3] He alleges that he was told "the dates of the employment offer were the whole of the 2014/2015 school year," and that the "terms of the agreement . . . were memorialized in CCSD's SMARTFIND computer program."[4] But a couple of months into the job, CCSD terminated him because a latino student in his class falsely alleged that Channey "maliciously dumped him out of his desk," injuring the student's head and neck.[5] Even before the termination, Channey alleges that he—an African American—was experiencing racially hostile treatment from the school's other faculty, particularly its latina principal, Ramona Esparza.[6]

Channey filed suit in the Eighth Judicial District Court in June 2015 against both the CCSD and Esparza, alleging claims for violating Title VII and Nevada's equivalent of Title VII (NRS 613.330), violating his due process rights by terminating him without a hearing, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation.[7] The defendants removed the case to federal court, and Judge Mahan dismissed it without prejudice after evaluating the sufficiency of each claim and concluding that Channey's complaint lacked a single plausible one.[8]

Undaunted, Channey gave his complaint a make-over and returned to state court. From his new pleading, he dropped Esparza as a defendant and his Title VII claim. He also added a handful of new allegations and swapped out his procedural-due-process claim for one in which he contends that

---

[3] ECF No. 1 at 12, ¶ 39.

[4] *Id*. at ¶¶ 40, 42.

[5] *Id*. at ¶¶ 13, 15.

[6] *Id*.

[7] 2:15-cv-07108-JCM-PAL at ECF No. 1.

[8] ECF No. 4-1.

CCSD violated his due process rights by publicly disclosing that he was being terminated for assaulting a student and then failing to give him a name-clearing opportunity to eliminate this stigma. CCSD again removed—this time based on the federal question presented by the due-process-stigma claim—and filed a new motion to dismiss. It argues that Judge Mahan's dismissal of Channey's first action had a collateral-estoppel effect that precludes this entire case. Alternatively, CCSD contends, the alterations to the complaint do not cure its fatal deficiencies: Chaney still has not pled the facts he needs to state a single plausible claim.[9] I start with Channey's new due-process claim, which triggers no collateral-estoppel concerns.[10]

### A. Motion-to-dismiss standards

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[11] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[12] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[13] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[14]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a

---

[9] ECF No. 4.

[10] Although a without-prejudice dismissal may trigger collateral estoppel, particularly when the claims are identical, *Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987) ("It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal"), Channey's original complaint did not contain a due-process-stigma claim, so I consider anew the sufficiency of this claim.

[11] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[12] *Twombly*, 550 U.S. at 570.

[13] *Iqbal*, 556 U.S. at 678.

[14] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[15] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[16] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[17] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[18] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[19]

**B.     Channey has not pled a plausible due-process-stigma claim**

"[A] terminated [public] employee has a constitutionally based liberty interest in clearing his name when stigmatizing information regarding the reasons for his termination is publicly disclosed."[20] To trigger due-process protections, the plaintiff must show that "(1) the accuracy of the charge is contested, (2) there is some public disclosure of the charge, and (3) it is made in connection with the termination of employment . . . ."[21] If these elements are met, the plaintiff must have an opportunity to refute the charge and clear his name "at a meaningful time and in a meaningful manner." When the employment is at-will, the name-clearing hearing "is solely to provide the person an opportunity to clear his name,"[22] so courts have consistently held that a post-termination

---

[15] *Iqbal*, 556 U.S. at 678–79.

[16] *Id*.

[17] *Id.* at 679.

[18] *Id.*

[19] *Twombly*, 550 U.S. at 570.

[20] *Cox v. Roskelley*, 359 F.3d 1105, 1110 (9th Cir. 2004).

[21] *Llamas v. Butte Cmty Coll. Dist.*, 238 F.3d 1123, 1129 (9th Cir. 2001).

[22] *Codd v. Velger,* 429 U.S. 624, 627 (1977).

hearing satisfies due process for at-will employees.[23]

But not all stigmatizing disclosures implicate Constitutional liberty and property interests. "A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job."[24] When, under state law, the employee's continued employment is at-will, "then the claimant has no property interest in the job."[25]

"Employees in Nevada are presumed to be employed 'at-will' unless the employee can prove facts legally sufficient to show a contrary agreement was in effect."[26] The facts that plaintiff has alleged show, at best, that his "'vacancy' teacher'" assignment "*could* last 'as long as the entire school year'" "[p]er CCSD's definitions."[27] But this allegation does not support a plausible conclusion that Channey and CCSD entered into a contract for permanent employment through the end of the school year, nor do any other allegations in the complaint rebut the presumption that Channey's employment as a substitute teacher at Valley High School was at-will. Thus, Channey has not alleged a constitutionally protected property interest in continued employment with CCSD that could support his due-process-stigma claim.

Nor has Channey alleged a constitutionally protected liberty interest. The Ninth Circuit has recognized that, for a disparaging charge to give rise to a due-process-stigma claim based on a liberty

---

[23] *Eklund v. City of Seattle Mun. Court*, 628 F.3d 473, 484 n.1 (9th Cir. 2010) (citing *Board of Regents v. Roth*, 408 U.S. 564 (1972), and noting, "Because Eklund was an at-will employee, he was entitled only to a name-clearing hearing, not to a pre-termination hearing concerning the discharge itself."); *Standley v. Elko Cty.*, 346 F. App'x 214, 215 (9th Cir. 2009) (Nevada at-will public employee did not have property right to pre-termination hearing); *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 331 (9th Cir. 1995) ("the court's determination that Douglas was an at-will employee negates the existence of a property interest in his employment.").

[24] *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (citing *Roth*, 408 U.S. at 577).

[25] *Id*.

[26] *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 884 (Nev. 1999) (citing *Vancheri v. GNLV Corp.*, 777 P.2d 366, 368 (Nev. 1989)).

[27] ECF No. 1 at 6, ¶ 39 (emphasis added).

interest, the stigmatizing statement must "impair[] a reputation for honesty or morality"[28] or implicate "moral turpitude."[29]

Here, Channey alleges that "In the course of [his] termination, CCSD publicly disclosed stigmatizing statements about [him], stating that he had assaulted a student by maliciously dumping the Student out of his desk."[30] But this allegation did not impair Channey's reputation for honesty or morality. Nor is it one of moral turpitude. The Ninth Circuit has noted that crimes of moral turpitude "are of two types: those involving fraud and those involving grave acts of baseness or depravity."[31] And even an assault or battery typically does not qualify as a crime of moral turpitude.[32] Because Channey pleads no facts to support the conclusion that the stigmatizing accusation in the course of his termination impaired his reputation for honesty or morality or suggested he committed an act that could be categorized as moral turpitude, he has not pled a due-process-stigma claim. And because this lawsuit is already Channey's second stab at pleading viable claims, I do not find that granting him an opportunity to craft a third version of his complaint would result in the addition of true facts to support such a claim. I thus dismiss Channey's due-process-stigma claim without leave to amend.

**C.    I decline to continue exercising supplemental jurisdiction over the remaining state-law claims.**

The dismissal of Channey's due-process-stigma claim leaves me with no federal claims pending in this case. 28 U.S.C. § 1367(c) authorizes me to decline to continue to exercise

---

[28] *Matthews v. Harney Cty., Or., Sch. Dist. No. 4*, 819 F.2d 889, 891–92 (9th Cir. 1987) (holding that "a mid-year dismissal of a probationary teacher under applicable Oregon law implicates a property interest protectible under the due process clause" when "the charge impairs a reputation for honesty or morality").

[29] *Fed. Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 477 (9th Cir. 1991) ("Only the stigma of dishonesty or moral turpitude gives rise to a liberty interest; charges of incompetence do not.").

[30] ECF No. 1 at ¶ 63.

[31] *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012).

[32] *Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2010) (collecting cases).

supplemental jurisdiction over plaintiffs' remaining claims, and I do so here.

My decision to decline to continue to exercise supplemental jurisdiction over state-law claims is informed by the values of judicial economy, convenience, fairness, and comity.[33] The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[34] These interests compel me to decline to continue to exercise supplemental jurisdiction here. This case involves only state-law claims against a public entity—the Clark County School District. Although this court could likely adjudicate the merits of plaintiffs' claims on equal footing with the state court, interpretation and application of Nevada's state laws are better left to the state court. The court and the parties have not yet committed too many resources to litigating this case in federal court for remand to be wasteful. And the parties should be able to use all the work and expense that they have invested in this forum to complete the litigation of these state-law claims in the Eighth Judicial District Court, where this case began. Accordingly, I deny the plaintiff's pending motion for appointment of counsel[35] without prejudice to Channey's ability to make the same motion in state court, and I remand this case back to Nevada's Eighth Judicial District Court under 28 U.S.C. § 1367(c)(3).

**Conclusion**

Accordingly IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

- Defendant's motion to dismiss **[ECF No. 4] is GRANTED in part**.[36] **Plaintiff's due-process-stigma claim (his fifth cause of action) is DISMISSED** with prejudice and without leave to amend. The motion is denied without prejudice in all other respects;

---

[33] *Acri v. Varian Assocs*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[34] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[35] ECF No. 20.

[36] Because I am remanding this case after dismissing Channey's due-process-stigma claim, I do not reach defendant's remaining dismissal arguments.

- **This case is REMANDED back to the Eighth Judicial District Court, Case No. A-16-740832-C, Dept. XXX**.
- Plaintiff's Motion for Appointment of Counsel **[ECF No. 20] is DENIED** without prejudice to the ability to renew that request in state court.

Dated this 28th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge